# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL WAYNE ELLIS,** | **MEMORANDUM DECISION AND ORDER** |
| Petitioner, | |
| vs. | Case No. 2:16-CV-484-DAK |
| **UNITED STATES OF AMERICA,** | The Honorable Dale A. Kimball |
| Respondent. | |

This matter is before the court on the United States of America's Motion to Dismiss Petitioner Michael Wayne Ellis's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On January 23, 2003, Mr. Ellis pleaded guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Based on his guilty plea, the court entered judgment as to Mr. Ellis on May 12, 2003, and sentenced Mr. Ellis to 262 months of imprisonment followed by a term of supervised release of 60 months. Mr. Ellis appealed his judgment, but the United States Court of Appeals for the Tenth Circuit affirmed the judgment on June 14, 2004. After the United States Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Ellis filed a *pro se* motion under 28 U.S.C. § 2255, which the court denied on January 24, 2006. On June 12, 2006, the court also denied Mr. Ellis's *pro se* motion under Federal Rule of Civil Procedure 60(b).

On May 9, 2016, the Tenth Circuit authorized Mr. Ellis to file a second or successive 28 U.S.C. § 2255 motion to assert a claim for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Based on that authorization, Mr. Ellis filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 6, 2016. Although the case was stayed for a time

pursuant to a General Order of the court, the stay was lifted on January 31, 2017. On March 16, 2017, Mr. Ellis filed a Notice of Supplemental Authority to inform the court of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). On March 20, 2017, the United States filed a Motion to Strike Notice of Supplemental Authority, and on March 21, 2017, the United States filed a Motion to Dismiss Mr. Ellis's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

In its motion, the United States argues that the court should dismiss Mr. Ellis's 28 U.S.C. § 2255 motion because, among other things, *Johnson* does not apply to Mr. Ellis's case and Mr. Ellis's petition is untimely. Because the timeliness of Mr. Ellis's petition affects the court's jurisdiction to entertain the merits of the petition, the court will address timeliness first. Because the court concludes that Mr. Ellis's petition is not timely, the court will not address the other arguments in the motion to dismiss.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Mr. Ellis's underlying criminal case was entered on May 12, 2003. Mr. Ellis filed an appeal, which was decided on June 14, 2004, and the Judgment became final, and the one-year statute of limitations began to run, on that date. Absent an event restarting the one-year period, Mr. Ellis would be time barred from filing a petition after June 14, 2005, which would include his § 2255 petition, which he filed on June 6, 2016. However, Mr. Ellis argues that the Supreme Court decision in *Johnson*, decided June 26, 2015, asserted a new right that is retroactively applicable to Mr. Ellis's case and that, therefore, restarted the one-year period per 28 U.S.C. § 2255(f)(3).

Mr. Ellis is correct that *Johnson* asserted a new right that was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). However, the right recognized by the Supreme Court in *Johnson* does not apply to Mr. Ellis's case. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process" because the residual clause of the ACCA is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Mr. Ellis's sentence was increased under the residual clause of the United States Sentencing Commission Guidelines ("USSG") § 4B1.2, not under the residual clause of the ACCA. Therefore, the right recognized in *Johnson* does not apply to Mr. Ellis's case.

But Mr. Ellis argues that, because the language in the residual clause of USSG § 4B1.2 is "virtually identical" to the language in the residual clause of the ACCA, that the right recognized in *Johnson* should apply to his case. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). As support for his position, Mr. Ellis cites *United States v. Madrid*, where the Tenth Circuit

relied on the reasoning in *Johnson* to "hold that the residual clause of § 4B1.2(a)(2) is void for vagueness." *Id.* at 1211.

The court disagrees with Mr. Ellis's argument for two major reasons. First, a right recognized by the Tenth Circuit is not sufficient under the terms of the relevant statute to grant the court the jurisdiction to modify Mr. Ellis's sentence. *See* 28 U.S.C. § 2255(f)(3) (requiring a right to be "newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review" (emphasis added)). Second, assuming a right recognized by the Tenth Circuit was sufficient to grant the court jurisdiction to modify Mr. Ellis's sentence, *Madrid* is not directly applicable to Mr. Ellis's case. The defendant in *Madrid* was sentenced under USSG 4B1.2 after the Supreme Court decided in *United States v. Booker*, 543 U.S. 220 (2005), that the sentencing guidelines are advisory and not mandatory. In *Beckles v. United States*, the Supreme Court addressed whether the holding in *Johnson* applies to the advisory sentencing guidelines and held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 895 (2017); *see also United States v. Pena*, No. 16-6340, 2017 WL 1826848, at *1 (10th Cir. May 4, 2017) (recognizing that "the U.S. Supreme Court overruled [*Madrid*] in *Beckles v. United States*"). Therefore, neither the Supreme Court in *Beckles* nor the Tenth Circuit in *Madrid* directly addressed "the question whether defendants sentenced to terms of imprisonment before [the Supreme Court's] decision in *United States v. Booker*, 543 U.S. 220 (2005) . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring). Because Mr. Ellis was sentenced under the mandatory sentencing guidelines before the Supreme Court's decision in *Booker*, the court concludes that neither the Tenth Circuit's decision in *Madrid* nor the Supreme Court's decision in *Beckles* directly applies to Mr. Ellis's case.

Because the court concludes that *Johnson* does not apply to Mr. Ellis's case and that neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before *Booker*, the court concludes that the United States' Motion to Dismiss should be granted because Mr. Ellis's petition is untimely.

The United States also moves to strike Mr. Ellis's Notice of Supplemental Authority because Mr. Ellis failed to comply with DUCivR 7-1(b)(4) by not including a reference to the relevant page within the supplemental authority and by improperly including argument within the notice. Although the court agrees that Mr. Ellis failed to comply with the local rule in his Notice of Supplemental Authority, the court denies the motion to strike that authority. The court is aware of the portions of the supplemental authority that apply to this case, and the court will only entertain arguments from the parties as they are properly brought before the court.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Ellis has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of Appealability. If Mr. Ellis

wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, the United States' Motion to Dismiss is GRANTED, and the United States' Motion to Strike is DENIED.

DATED this 30th day of May, 2017.

BY THE COURT:

*Dale A. Kimball*

DALE A. KIMBALL
United States District Judge